IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| PETER R. TIA, #A1013142,      ) | CIVIL NO. 15-00107 LEK/RLP |
|      ) | |
|      Plaintiff,      ) | ORDER DISMISSING ACTION AND |
|      ) | DENYING IN FORMA PAUPERIS |
|      vs.      ) | APPLICATION PURSUANT TO 28 |
|      ) | U.S.C. § 1915(g) |
| TED SAKAI, et al.,      ) | |
|      ) | |
|      Defendants.      ) | |
|      ) | |
| _____ ) | |

**ORDER DISMISSING ACTION AND DENYING IN FORMA PAUPERIS APPLICATION PURSUANT TO 28 U.S.C. § 1915(g)**

Before the court is *pro se* Plaintiff Peter R. Tia's prisoner civil rights Complaint and *in forma pauperis* ("IFP") application. Doc. Nos. 1, 2. Plaintiff alleges that the Hawaii Attorney General's Office, Department of Public Safety ("DPS"), and DPS employees Ted Sakai, Dovie Borges, Lyle Antonio, and Mailroom Doe violated his constitutional right of access to the court with deliberate indifference to his health by mishandling a letter he intended for delivery to this court regarding another civil suit, *Tia v. Honolulu U.S. Attorney's Office*, Civ. No. 15-00075 JMS/BMK. For the following reasons, this action is DISMISSED without prejudice and Plaintiff's *in forma pauperis* application is DENIED pursuant to 28 U.S.C. § 1915(g).

**I.   28 U.S.C. § 1915(g)**

A prisoner may not bring a civil action or appeal a

civil judgment *in forma pauperis* if:

> the prisoner has, on 3 or more prior
> occasions, while incarcerated or detained in
> any facility, brought an action or appeal in
> a court of the United States that was
> dismissed on the grounds that it is
> frivolous, malicious, or fails to state a
> claim upon which relief may be granted,
> unless the prisoner is under imminent danger
> of serious physical injury.

28 U.S.C. § 1915(g).

"[Section] 1915(g) should be used to deny a prisoner's

IFP status only when, after careful evaluation of the order

dismissing an action, and other relevant information, the

district court determines that the action was dismissed because

it was frivolous, malicious or failed to state a claim." *Andrews*

*v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).  "In some

instances, the district court docket records may be sufficient to

show that a prior dismissal satisfies at least one of the

criteria under § 1915(g) and therefore counts as a strike."  *Id.*

at 1120.

At least three of Plaintiff's federal cases qualify as

"strikes" under § 1915(g):

> (1)  *Tia v. Fujita*, Civ. No. 08-00575
>      HG/BMK (D. Haw. Jan. 27, 2009)
>      (dismissed for failure to state a
>      claim);

(2)  *Tia v. Criminal Investigation Demanded*, Civ. No. 10-00383 SOM/BMK (D. Haw. Aug. 5, 2010) (dismissed as frivolous and for failure to state a claim); and

(3)  *Tia v. Criminal Investigation*, Civ. No. 10-00441 DAE/BMK (D. Haw. July 30, 2010) (dismissed as frivolous and for failure to state a claim).

*See* PACER Case Locator http://pacer.psc.uscourts.gov (last visited March 31, 2015).  Plaintiff has had notice and an opportunity to challenge these strikes.  *See, e.g.*, *Tia v. Borges*, Civ. No. 12-00158 HG/BMK (D. Haw. 2012), and App. No. 12-16158 (9th Cir. Aug. 9, 2012), Doc. No. 26 ("[T]he district court correctly determined that appellant has had three or more prior actions or appeals dismissed as frivolous, malicious, or for failure to state a claim[.]"); *Tia v. Baker*, Civ. No. 11-00098 HG/KSC (D. Haw. 2011), Doc. No. 20; *Tia v. Doe Defendants as Aggrieved*, Civ. No. 11-00352 SOM/RLP (D. Haw. 2011), Doc. No. 13; *Tia v. Mollway*, Civ. No. 11-00421 JMS/KSC (D. Haw. 2011), Doc. No. 8.  Plaintiff may not bring a civil action without complete prepayment of the $400.00 filing fee unless he is in imminent danger of serious physical injury.  28 U.S.C. § 1915(g).

## II.  NO IMMINENT DANGER

"[T]he availability of the [imminent danger] exception turns on the conditions a prisoner faced at the time the complaint was filed, not some earlier or later time."  *Andrews v. Cervantes*, 493 F.3d 1047, 1053 (9th Cir. 2007).  "[T]he exception

3

applies if the complaint makes a plausible allegation that the prisoner faced 'imminent danger of serious physical injury' at the time of filing." *Id.* at 1055.

Plaintiff's claims that Defendants interfered with his access to the court by misidentifying a single piece of his legal mail as personal mail, and then returned that mail to him pursuant to a DPS policy that allows indigent inmates only one free personal letter per week, neither states a cognizable claim for relief, nor plausibly alleges that Plaintiff was in imminent danger of serious physical injury when he filed this action. Nothing else within the Complaint suggests that Plaintiff was in imminent danger of serious physical injury, particularly due to any named Defendants' action, when he filed this action. Plaintiff may not proceed without prepayment of the civil filing fee.

### III.  CONCLUSION

Plaintiff's *in forma pauperis* application is DENIED and his Complaint and action are DISMISSED without prejudice.  If Plaintiff wishes to reassert these claims, he may do so by concurrently submitting the entire $350.00 filing fee when he

//

//

//

files the action.  Any pending motions are terminated.  The Clerk
of Court shall close the case.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii, April 8, 2015.



/s/ Leslie E. Kobayashi
Leslie E. Kobayashi
United States District Judge

*Tia v. Sakai,* Civ. No. 15-00107 LEK/RLP; psa 3stk 2015/ J:\PSA Draft Ords\LEK\Tia v
Sakai 15-107 lek (restrctd mail).wpd